UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>Plaintiff: April Van Doren<br><br>v.<br><br>Allergan, Inc. and Allergan USA, Inc.<br><br>Case No.: | MDL NO. 2921<br><br>Honorable Brian R. Martinotti<br>District Court Judge<br><br>Honorable Edward S. Kiel<br>Magistrate Judge<br><br>MASTER SHORT-FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES AND DEMAND FOR JURY TRIAL |

1. Plaintiff <u>April Van Doren</u> hereby states and incorporates by reference all of the allegations contained in Plaintiffs' Master Long Form Complaint For Personal Injuries, Damages and Demand For Jury Trial ("Master Complaint") as permitted by Case Management Order No. <u>17</u> for cases filed directly into this district.

2. In addition to the below-indicated portions of the Master Complaint adopted by the plaintiff(s) and incorporated by reference herein, Plaintiff(s) hereby allege(s) as follows:

**IDENTIFICATION OF PLAINTIFFS AND RELATED INTERESTED PARTIES**

3. Name and current residence of individual who is alleged to have suffered personal injuries and related damages due to implantation of one or more Biocell Textured Breast Implant medical devices ("Biocell"): April Van Doren; Salem, Oregon

4. Consortium Claim(s): Name and current residence of individual(s) alleging damages for loss of consortium:

5. If a survival and/or wrongful death claim is asserted:

   Name and residence of Decedent when she suffered Biocell-related injuries and/or death:

_____
_____
_____
_____
_____

Name and current residence of the individual(s) bringing the claims on behalf of the decedent's estate, and status (i.e., personal representative, administrator, next of kin, successor in interest, etc.):

_____
_____
_____
_____

## VENUE

6. Plaintiff[s] allege that venue for remand and trial is proper in the following federal judicial district:

   Central District of California

## DEVICE IDENTIFICATION

7. Plaintiff used the following Biocell device[s], which Plaintiff contends caused her injury(ies). Check all that apply and provide all dates of implant and explant:

| ☐ **NATRELLE Silicone-filled Breast Implants**<br>   ☐ Style 110<br>   ☐ Style 115<br>   ☐ Style 120<br><br>**Date[s] of Implant:**<br>**Date[s] of Explant (if any):** | ☐ **NATRELLE Saline-Filled Breast Implants**<br>   ☐ Style 163<br>   ☐ Style 168<br>   ☐ Style 363<br>   ☐ Style 468<br><br>**Date[s] of Implant:**<br>**Date[s] of Explant (if any):** |
|---|---|
| ☑ **NATRELLE 410 Highly Cohesive Anatomically Shaped Silicone-Filled Breast Implants**<br>   ☐ Style LL | ☐ **NATRELLE INSPIRA Silicone-Filled Breast Implants**<br>   ☐ Style TRL<br>   ☐ Style TRLP<br>   ☐ Style TRM |

| | |
|---|---|
| ☐ Style LM<br>☐ Style LF<br>☐ Style LX<br>☐ Style ML<br>☐ Style MM<br>☐ Style MF<br>☐ Style MX<br>☐ Style FL<br>☐ Style FM<br>☒ Style FF<br>☐ Style FX<br><br>**Date[s] of Implant: 3/20/2014**<br>**Date[s] of Explant (if any): 7/31/2021** | ☐ Style TRF<br>☐ Style TRX<br>☐ Style TSL<br>☐ Style TSLP<br>☐ Style TSM<br>☐ Style TSF<br>☐ Style TSX<br>☐ Style TCL<br>☐ Style TCLP<br>☐ Style TCM<br>☐ Style TCF<br>☐ Style TCX<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐ **McGhan BioDIMENSIONAL® Silicone-Filled BIOCELL® Textured Breast Implants, Style 153**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐ **NATRELLE Dual-Gel Breast Implants**<br>☐ StyleLX<br>☐ StyleMX<br>☐ Style FX<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐ **NATRELLE Komuro Breast Implants**<br>☐ Style KML<br>☐ Style KMM<br>☐ Style KLL<br>☐ Style RLM<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐ **NATRELLE Ritz Princess Breast Implants**<br>☐ Style RML<br>☐ Style RMM<br>☐ Style RFL<br>☐ Style RFM<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐ **NATRELLE 150 Full Height and Short Height double lumen implants.**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐ **NATRELLE 133 Plus Tissue Expander**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |

| ☐ NATRELLE 133 Tissue Expander with Suture Tabs<br><br>Date[s] of Implant:<br><br>Date[s] of Explant (if any): | ☐ OTHER (Please describe):<br><br>Date[s] of Implant:<br>Date[s] of Explant (if any): |
|---|---|

## PLAINTIFF'S BIOCELL-RELATED INJURIES

8. Plaintiff[s] allege that one or more Biocell devices caused personal injuries and damages including but not limited to the following:

removal of implants due to diagnosis of ALCL, to reduce risk of recurring ALCL, and due to symptoms consistent with ALCL and fear of recurring ALCL including: mental anguish and fear of ALCL, increased risk of ALCL, reconstruction, redness, swelling, explant, capsulectomy, pain, contracture, asymmetry, seroma, accumulation of fluid, significant scarring, disfigurement, skin infection, depression, anxiety, chronic insomnia; and other physical and emotional manifestations that are severe and ongoing.

9. Approximate date of Biocell-device related injury: Plaintiff is uncertain of the precise date when she started having damage or injury from the implants. Plaintiff was diagnosed with BIA-ALCL in July 2021. Plaintiff had her BIOCELL products removed in July 2021.

10. Has Plaintiff or Plaintiff's decedent ever been diagnosed with BIA-ALCL:
    ☑ Yes
    ☐ No

    a. If Yes, date of diagnosis: July 7, 2021

## CAUSES OF ACTION

11. The following claims asserted in the *Master Complaint* are herein adopted by Plaintiff(s):
    ☑ Count I:     Strict Liability – Manufacturing Defect
    ☑ Count II:    Negligent Manufacturing
    ☑ Count III:   General Negligence
    ☑ Count IV:    Strict Liability Failure to Warn
    ☑ Count V:     Negligent Failure to Warn
    ☑ Count VI:    Negligent Misrepresentation
    ☑ Count VII:   Breach of Implied Warranty of Merchantability
    ☑ Count VIII:  Breach of Express Warranty
    ☐ Count IX:    Strict Liability Design Defect

☐ Count X: Negligent Design

☐ Count XI: Survivorship and Wrongful Death

☐ Count XII: Loss of Consortium

☒ Count XIII: Punitive Damages

Other Claims and factual basis therefore:

Any assertion of prior release or settlement on the part of the Plaintiff, without Plaintiff first having advice of counsel, full disclosure of her legal rights against Allergan and accurate information about her medical risks related to the use of Allergan's textured breast implants and expanders, is void, fraudulent, lacking informed consent, contrary to public policy, unsupported by adequate consideration, subject to waiver, adhesive, misleading, an impermissible invasion of the physician and patient relationship, unconscionable, obtained under duress and undue influence, in violation of consumer and patient rights under applicable federal and state law, and otherwise unlawful, unenforceable and rescinded.

**Warranty Claims:** Plaintiff can establish privity with Defendant. Alternatively, Plaintiff can establish that she falls into an exception to a privity requirement. Plaintiff and her physician relied on Defendant's written warranties and representations contained in written labels and materials. Alternatively, Plaintiff was a foreseeable third party beneficiary of Defendant's sale of BIOCELL products to her physician when Plaintiff's insurance paid for and Plaintiff was implanted with Defendant's BIOCELL products.

Plaintiff is not required to give notice to Defendant, a remote manufacturer. Plaintiff satisfied all notice requirements when she notified her physician of her fear of and symptoms consistent with ALCL due to her BIOCELL implants and of her desire to remove her BIOCELL implants. Further, Defendant notified Plaintiff directly via mail that Plaintiff's BIOCELL implants were defective and subject to recall. Defendant was aware of Plaintiff's identity, implant style, date of Plaintiff's implant, and that Plaintiff's specific implants were defective and subject to recall through Device Tracking and Product Surveillance prior to the filing of this action. Defendant received notice prior to the filing of Plaintiff's complaint when the injuries, type of plaintiff and source of claims were identified in the Master Personal Injury Complaint [ECF No. 119].

**Count XIV: Negligent infliction of emotional distress:** Defendant was negligent when they breached their duty, pursuant to federal post-approval requirements, by failing to adequately warn Plaintiff and her physicians, either directly or by not timely and accurately reporting to the regulatory authorities the risks of serious defects, adulterations and life-threatening complications, including development of BIA-ALCL experienced by patients in whom BIOCELL products were previously implanted. As a result of the above negligence, Plaintiff suffers from serious emotional distress including anguish, fright, horror, nervousness, grief, anxiety, and worry of BIA-ALCL.

**Count XV: Intentional Misrepresentation**: Defendant intentionally failed to disclose material facts, including the risks of BIA-ALCL associated with the BIOCELL products, to Plaintiff and her physician despite having a duty to disclose. Defendant made representations about BIA-ALCL but did not disclose facts which materially qualified the facts disclosed, which rendered their disclosure false and likely to mislead. In willful disregard of Plaintiff's rights and the duties owed to Plaintiff, Defendant concealed and failed to disclose to Plaintiff all information

reasonably available to them related to the nexus between BIA-ALCL and their BIOCELL products with the express purpose of inducing Plaintiff and her physician to purchase their cancerous breast implants. Defendants intended that Plaintiff and her physician rely on important material representations and concealment regarding the safety of the BIOCELL products and their link to BIA-ALCL. Plaintiff, by and through her physician did in fact rely on and was induced by Defendant's misrepresentations, omissions, or active concealment of the dangers of BIOCELL products and the link to BIA-ALCL. As the direct and proximate result of Defendant's fraudulent misrepresentations and intentional concealment of facts concerning the BIOCELL products, upon which Plaintiff reasonably relied, she was implanted with BIOCELL products and sustained the injuries described in this Complaint.

## OTHER DEFENDANTS

12. Plaintiff(s) further bring claims against the following additional Defendants not named in the *Master Complaint*:

    a. Additional Defendant(s):

        Additional Defendant 1: _____

        Additional Defendant 2: _____

        Additional Defendant 3: _____

        Additional Defendant 4: _____

    b. Address(es) of Additional Defendants:

        Address of Defendant 1: _____

        Address of Defendant 2: _____

        Address of Defendant 3: _____

        Address of Defendant 4: _____

    c. Short and Plain Statement of Factual Allegations against Additional Defendants:

        _____
        _____
        _____

    d. Claims asserted against Additional Defendants:

        _____
        _____
        _____

**WHEREFORE,** Plaintiff prays for relief and demands a trial by jury as set forth in the Plaintiffs' Master Personal Injury Long Form Complaint in MDL 2921 in the United States District Court for the District of New Jersey.

Date: March 7, 2022

Virginia M. Buchanan

Levin, Papantonio, Rafferty, Proctor,
Buchanan, O'Brien, Barr, and Mougey, P.A.
316 South Baylen Street (32502)
P. O. Box 12308
Pensacola, Florida 32591
(850) 435-7023
(850) 436-6023
vbuchanan@levinlaw.com

*Counsel for Plaintiff*